UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI – EASTERN DIVISION

| | |
|---|---|
| Julie Luna, Individually, and<br>As Next Friend for K.L., a minor<br>    PLAINTIFFS<br><br>v.<br><br>KENNETT HMA, INC. d/b/a TWIN RIVERS<br>REGIONAL MEDICAL CENTER,<br>and GONG T. KUO, M.D. a/k/a<br>GEORGE KUO, M.D..<br>    DEFENDANTS | Cause:_____<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

## PERSONAL INJURY/MEDICAL NEGLIGENCE

## FACTS APPLICABLE TO ALL COUNTS

COMES NOW, Julie Luna, Individually and as Next Friend of K. L., a minor ("Plaintiffs"), by and through their attorneys, and for cause of action against Defendants KENNETT HMA, INC. d/b/a TWIN RIVERS REGIONAL MEDICAL CENTER (hereinafter referred to as "Defendant Twin Rivers"), and GONG T. KUO a/k/a GEORGE KUO, M.D. (herein after referred to as "Defendant Kuo") states as follows:

### I.   The Parties

1.01   Plaintiff Julie Luna, Individually and as Next Friend of K. L., a minor, were citizens of the State of Arkansas at the time the instant cause of action arose and are citizens of the State of Arkansas at the time of filing this action.  Plaintiffs reside in Paragould, Greene County, Arkansas.  Plaintiff Julie Luna is the natural mother of K. L., a minor.

Plaintiffs' Original Complaint                                                                                     1
278797

1.02   Defendant Twin Rivers, at all times relevant herein, is a hospital organized and existing under the laws of the State of Missouri, with its principal place of business located at 1301 First Street, Kennett, MO 63857. This defendant may be served with process by and through its registered agent: Mark J. Pelts at 217 College Ave, POB 68 Kennett MO 63857.

1.03   Defendant Kuo at all times relevant herein, was and is a physician licensed in the State of Missouri and practicing in Dunklin County, Missouri, who held himself out as a professional health care provider with specialized expertise in all aspects of medical, surgical, hospital and nursing care and especially in the filed of obstetrics and gynecology. This defendant may be served with process at his usual place of business: 501 Teaco Road, Kennett, MO 63857.

## II.   Jurisdiction and Venue

2.01   Jurisdiction is proper in this court pursuant to 28 USC §1332 for the reason that there is complete diversity of citizenship between Plaintiffs and Defendants and the matter in controversy greatly exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2.02   Venue is proper in this judicial district pursuant to 28 USC §1391 for the reason that a substantial part of the events or omissions giving rise to this claim occurred at Defendant Twin Rivers, which is located in this judicial district.

2.03   To the extent that the requirements of Missouri Revised Statutes, Section 538.225 apply, and Plaintiffs specifically contend that they do not, Plaintiffs have provided required affidavits concerning the written opinion of a qualified health care provider certifying the merits of this case in accordance with said statute.

## III. Duties

3.01  At all times pertinent hereto, Defendant Twin Rivers represented to Plaintiffs and to the public at large that it was a competently staffed medical center that would provide appropriate health care to and to the public at large by and through its members, associates, employees, representatives, agents and/or ostensible agents.

3.02  At all times pertinent hereto, there existed a health care provider/patient relationship between Defendant Twin Rivers and Julie Luna and K. L.

3.03  At all material times, Defendant Twin Rivers acted by and through its agents and employees, who were acting within the course and scope of such agency and/or employment.

3.04  At all times material hereto, Defendant Kuo was a physician licensed to practice medicine in the State of Missouri and who represented to Plaintiffs and to the public at large that he was a duly licensed, competent physician.

3.05  At all times material hereto, there existed a health care provider-patient relationship between Defendant Kuo and Plaintiffs Julie Luna and K. L.

## IV. Factual Allegations Applicable To All Counts

4.01  On or about February 16, 2005, Plaintiff Julie Luna, who lives in Paragould, Arkansas went to the offices of Defendant Kuo, for her first prenatal visit of this pregnancy. Plaintiff Julie Luna was seen and followed by Defendant Kuo throughout her pregnancy. Her baby's estimated delivery date was August 12, 2005.

4.02    Julie Luna was diagnosed with a urinary tract infection on at least four occasions by Dr. Kuo during this pregnancy.  On April 21, there were 2+ wbc in her urine, on May 19, there were 3+ wbc in her urine, on June 8 there were 2+ wbc in her urine, on June 23, there were 2+ wbc in her urine, and on July 7, there were 3+ wbc in her urine.  Defendant Kuo treated each of these with various antibiotics.

4.03    Julie Luna was admitted to Defendant Twin Rivers on July 21, 2005 for an NST and evaluation by Defendant Kuo, her obstetrician.  Mrs. Luna had a urine sent for culture and sensitivity on 7/21/05 at 1030.

4.04    The results of the urinalysis were obtained by the lab by 1212 hours on July 21, 2005.  The results showed an elevated wbc and elevated leukocytes, and was positive for bacteria.

4.05    These results were not obtained, viewed, and/or acted upon by Defendant Kuo or the hospital staff caring for Ms. Luna.

4.06    No antibiotics were given to Ms. Luna at this time or at any other time prior to the birth of K. L..

4.07    Ms. Luna was kept in the hospital for observation and was officially admitted to L&D on July 22, 2005.

4.08    A preliminary report from the urinalysis concerning the culture was obtained by the lab at Defendant Twin Rivers at 0644 on 7/22/05. The report stated that there was greater than 100,000 colonies per ml of gram + cocci. The identification and sensitivity were to follow.

4.09    These results were not obtained, viewed, and/or acted upon by Defendant Kuo or the hospital staff caring for Ms. Luna.

4.10   No antibiotics were given to Ms. Luna at this time or at any other time prior to the birth of K. L.

4.11   Baby K. L. was delivered in 2005 via c-section at 2230 hours with Apgars of 9/9.

4.12   Dr. Kuo's and Twin Rivers' care and treatment of Julie Luna and/or K. L. was negligent, including but not limited to their management of labor, and their failure to administer antibiotics prior to the birth of K. L.

4.13   As a direct and proximate result of each Defendants' negligence, within 15 minutes of birth, baby K. L. exhibited increased respiratory effort which required blow by oxygen, and she was transferred to the NICU, where treatment with antibiotics was begun.

4.14   The final results of the urinalysis were issued on July 23, 2005, following the birth of baby K. L.. They revealed the presence of Group B strep ("GBS")

4.15   As a direct and proximate result of each Defendants' negligence, Baby K. L. was transferred to St. Francis Medical Center on July 23, 2005 for treatment of her continued complications caused by the GBS infection.

4.16   Further, as a direct and proximate result of each Defendants' negligence, Baby K. L. was again transferred to LeBonheur Children's Hospital on August 10, 2005 where she continued to receive treatment for complications caused by the GBS infection.

4.17   And, as a direct and proximate result of each Defendants' negligence in the care and treatment of Julie Luna and/or K. L, K. L. was ultimately discharged from LeBonheur Children's Hospital on September 20, 2005 with poor weight gain, trouble

feeding, anemia, and a feeding tube, among other permanent conditions from which she continues to suffer.

4.18   Plaintiffs anticipate the Defendants will raise as a defense to this action the provisions of House Bill 393; House Bill 393, and the numerous particular provisions therein, violate the Missouri Constitution and are therefore invalid and without legal effect. [Notice of Constitutional Question attached as Exhibit 1]

4.19   Plaintiffs anticipate the Defendants will raise as a defense to this action the provisions of House Bill 393; House Bill 393 violates the requirements in Article III, Section 23 of the Missouri Constitution requiring that a bill have only a single subject and that that subject be clearly expressed in its title.

4.20   Section 538.210 of the Revised Statutes of Missouri, which purports to limit plaintiff's recovery for noneconomic damages against a health care provider in an action for damages for personal injury or death arising out of the rendering of or the failure to render health care services, violates:

   a.   Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution;

   b.   Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution,

   c.   Plaintiff's right to a certain remedy for every injury, guaranteed by Article Section 14 of the Missouri Constitution;

   d.   Plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a) of Missouri Constitution;

   e.   The separation of powers, established by Article II, Section 1 of the Missouri Constitution; and,

   f.   The prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or

Plaintiffs' Original Complaint                                                                                                       6
278797

immunity, established by Article III, Section 40 (28) of the Missouri Constitution.

4.21    Section 538.225 of the Revised Statutes of Missouri, which requires plaintiff's counsel to submit an affidavit stating that counsel has obtained the written opinion of a legally qualified health care provider that each defendant had breached the applicable standard of care, purports to limit the definition of "legally qualified health care provider" to those who either are practicing or have recently practiced the same specialty as the defendant, and purports to require the court to dismiss the action if either plaintiff's counsel fails to submit said affidavit or, after in camera review of the written opinion, the court determines that there is not probable cause to believe that a qualified and competent health care provider will testify that the plaintiff was injured due to medical negligence by a defendant, violates:

    a.    Plaintiff's right to open courts and a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

    b.    Plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution;

    c.    The separation of powers, established by Article II, Section 1 of the Missouri Constitution;

    d.    The requirement that any law amending or annulling a Supreme Court rule of practice, procedure, or pleading be limited to that purpose, established by Article V, Section 5 of the Missouri Constitution; and,

    e.    Places on the Plaintiffs an evidentiary burden in the filing of this action greater than required to meet Plaintiffs' burden of proof at trial.

4.22    Section 490.715 of the Revised Statutes of Missouri, which purports to transfer from the jury to the court the authority to determine the value of medical treatment rendered to the plaintiff, violates plaintiff's right to trial by jury as guaranteed by Article I, Section 22(a) of the Missouri Constitution.

4.23    Section 408.040 of the Revised Statutes of Missouri, which purports to establish different rates for the calculation of post-judgment interest in tort and non-tort actions, as well as different rates for the calculation of pre- and post-judgment interest in tort actions, violates plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution.

4.24    Section 538.300 of the Revised Statutes of Missouri, which purports to exempt tort claims against health care providers from the statutory requirements for payment of pre- and post-judgment interest set forth in Section 408.040 of the Revised Statutes of Missouri, violates plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution and the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40 (28) of the Missouri Constitution.

4.25    Section 537.067 of the Revised Statutes of Missouri, which purports to eliminate the joint and several liability of tort defendants who are found to bear less than fifty-one percent (51%) of the fault for plaintiff's injuries, and to prohibit any party from disclosing the impact of this provision to the jury, violates plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution, and plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution.

4.26    Plaintiffs' cause of action accrued prior to August 28, 2005, the effective date of House Bill 393. Application of House Bill 393, or any of its provisions

to the present litigation, therefore, would violate Article I, Section 13 of the Missouri Constitution, which prohibits laws from operating retrospectively.

## V. Claims Against Defendants

### A. George Kuo, M.D.

5.01   Defendant Kuo., in the course of rendering medical care and treatment to Julie Luna and/or K. L., committed acts and/or omissions which constitute negligence as that term is defined by law, including, but not limited to, the following acts and/or omissions:

> a. Failing to timely and properly monitor, evaluate, diagnose and treat Plaintiffs' medical condition(s);
>
> b. Failing to timely recognize and manage complications of pregnancy, labor and delivery; and/or,
>
> c. Failing to order antibiotics for Julie Luna prior to the birth of K. L.

5.02   The above-mentioned acts and/or omissions of Defendant Kuo, in addition to any other act that would otherwise be considered negligent, were singularly and/or cumulatively a proximate cause of the occurrence in question, and the damages alleged by the Plaintiff herein.

### B. Twin Rivers Regional Medical Center

5.03   Defendant Twin Rivers, by and through its agents, vice principals, employees and/or borrowed servants, in the course of rendering medical care to Plaintiffs, committed acts and/or omissions which constitute negligence as that term is defined by law, including, but not limited to, the following acts and/or omissions:

  a. Failing to timely and properly monitor, evaluate, diagnose and treat Plaintiff's medical condition(s);

  b. Failing to timely recognize and manage complications of treatment;

  c. Failing to ensure adequate, competent staff was available to evaluate, diagnose and treat Plaintiff;

  d. Failure to have proper policies and procedures for personnel to follow.

  e. Failure to hire adequately trained and adequately educated personnel;

  f. Failure to provide adequate training and supervision of its personnel;

  g. Failure of its personnel to properly observe and examine Plaintiff;

  h. Failure of its personnel to timely communicate with each other and with medical doctors; and/or,

  i. Failure of its nursing personnel to follow the hospital's own policies and procedures.

5.04 The above-mentioned acts and/or omissions of Defendant Twin Rivers, in addition to any other act that would be considered negligent, were singularly and/or cumulatively a proximate cause of the occurrence in question, and the damages alleged by the Plaintiff herein.

### VI. Damages

6.01 As a direct and proximate result of the negligent acts and/or omissions of the Defendants as set out hereinabove, K. L. has suffered, and in all reasonable medical probability will, for the remainder of her life, continue to suffer physical pain, mental anguish, physical impairment, and disfigurement.

6.02    Further, Plaintiff would show that K. L. will suffer permanent loss of earning capacity for the remainder of her lifetime, and has and will suffer loss of the society and companionship of her family.

6.03    Further, in addition to the medical expenses in the past and in the future, K. L. shall require medical care after she reaches the age of majority and for the rest of her life.

6.04    In addition, Plaintiff Julie Luna has suffered damages consisting of severe emotional distress and mental anguish, both past and future; severe mental anguish resulting from her contemporaneous perception and observation of the pain and suffering which her daughter, K. L., experienced as a result of Defendants' negligence

6.05    Further, Plaintiff Julie Luna has suffered the loss of the companionship and society, and loss of household services of her daughter, K. L., both past and future.

6.06    Further, Plaintiff Julie Luna has incurred medical expenses on behalf of her minor daughter K. L., and will likely continue to incur medical expenses until K. L. reaches the age of majority, and probably for the rest of K. L.'s natural life.

6.07    Plaintiffs' past economic damages include medical damages.  Plaintiffs will also incur future medical damages.

6.08    Plaintiffs' future economic damages include those damages arising from lost wages and lost earning capacity.

6.09    Plaintiffs' past and future non-economic damages include pain, suffering, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life, loss of consortium, loss of companionship and loss of household services.

6.10    All of the above have resulted in damages which are within the jurisdictional limits of this Court, for which Plaintiffs now plead, jointly and severally, against Defendants.

6.11    Plaintiffs would show further that each and every negligent act and/or omission of each of the Defendants and its agents as set out in detail above was outrageous because of each defendant's reckless indifference to the rights of others, including Julie Luna and K. L., thus giving rise to an award of exemplary or punitive damages.

## VII.  Jury Demand

7.01    Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

## VIII.   Prayer For Relief

WHEREFORE, Plaintiff Julie Luna, Individually and as next friend of K. L., a minor, prays that Defendants Twin Rivers and Kuo be cited according to law to appear and answer herein, and that after final trial for judgment as follows:

That Plaintiffs have and recover from Defendants Twin Rivers and Kuo judgment severally, and/or jointly, where applicable, for their general and special damages described above and in the full amount allowed by law and punitive damages; that Plaintiffs recover their costs of suit; that Plaintiffs receive pre-judgment and post-

judgment interest at the highest rate allowed by law; and that Plaintiffs receive such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**ZEVAN DAVIDSON FARRIS STEWART, LLC**

/s/ Thomas L. Stewart
Thomas L. Stewart      #12805
David M. Zevan         #30067
Kevin J. Davidson      #103033
Spencer E. Farris      #39970
1 North Taylor Avenue
St. Louis, Missouri 63108
(314) 588-7200 Office
(314) 588-7271 Fax

*and*

**MILLER, CURTIS & WEISBROD, L.L.P.**

LES WEISBROD
Texas State Bar No. 21104900
MAX FREEMAN
Texas State Bar No. 07427000
PAUL M. LYNCH
Texas State Bar No. 24013073
11551 Forest Central Drive
Suite 300
Dallas, Texas 75243
Phone: (214) 987-0005
Fax: (214) 739-4732

**ATTORNEYS FOR THE PLAINTIFFS**