UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JULIE LUNA, Individually and as Next Friend for K.L., a minor )<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>KENNETT HMA, INC., d/b/a TWIN RIVERS REGIONAL MEDICAL CENTER, )<br>and GONG T. KUO, M.D., a/k/a GEORGE KUO, M.D., )<br>Defendants. ) | Case No. 1:07CV00043 RWS |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant Kennett HMA, Inc.'s Motion for Protective Order [#26]. Defendant requests entry of a Qualified Protective Order to protect all parties under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Having heard oral arguments on Defendant's Motion and having considered the briefing of both parties, I will grant Defendant's Motion for Protective Order.

Background

This is a medical malpractice action filed by Plaintiffs on March 16, 2007, alleging that Defendants Kennett HMA, Inc., d/b/a Twin Rivers Regional Medical Center and Dr. Gong T. Kuo, a/k/a George Kuo failed to appropriately diagnose, treat and monitor Plaintiffs' medical conditions. Plaintiffs allege that Julie Luna, while pregnant, had an infection which Defendants allegedly failed to treat appropriately. Plaintiffs further allege that as a result of the allegedly untreated infection, when K.L. was born, she suffered from permanent injuries.

Defendant Kennett seeks a Qualified Protective Order under HIPAA allowing the attorneys in the present case to inspect, copy and obtain protected health information. Kennett

also seeks a Qualified Protective Order under HIPPA allowing Kennett's attorneys to meet *ex parte* with treating physicians and medical providers to review and discuss the protected health information. Plaintiffs have objected to the *ex parte* nature of this access.

Analysis

Missouri recognizes a limited waiver of the physician-patient privilege in civil or criminal lawsuits when the patient places her medical condition at issue. State ex rel. McNutt v. Keet, 432 S.W.2d 597, 601 (Mo. banc 1968). This waiver extends only to those medical conditions that are reasonably related to the medical conditions at issue in the lawsuit. State ex rel. Dean v. Cunningham, 182 S.W.3d 561, 567 (Mo. banc 2006).

The Missouri Supreme Court addressed the issue of *ex parte* communications with physicians in Brandt v. Pelican, 856 S.W.2d 658 (Mo. banc 1993). In Brandt, the Court held that the physician-patient privilege did not preclude physicians from sharing a patient's medical conditions in *ex parte* conversations with defense counsel once the plaintiff placed such conditions at issue in a lawsuit. Id. at 662. However, the Court also made it clear that the physicians could not be compelled to participate in such discussions. Id. The only way the defense counsel could compel the treating physicians to speak with them was through formal discovery. Id. The Court further limited this *ex parte* communication in Brandt v. Medical Defense Assoc., 856 S.W.2d 667 (Mo. banc 1993). In that case, the Court found that the patient will have a cause of action for damages in tort if the physician discloses information that is not related to the conditions at issue.

Ten years after the Brandt decisions, the HIPAA Privacy Rules, 42 U.S.C. §§ 31201(d), 1320d-3(a)-(b), 1320d-4(b), went into effect. These Privacy Rules set forth standards and procedures for the collection and disclosures of protected health information. 45 C.F.R. §

164.512(e). Under 45 C.F.R. § 164.512(e), a health care provider may disclose protected health information in the course of judicial proceedings under one of two circumstances. These circumstances are that either the provider must be assured that the entity has provided the patient with written notice and an opportunity to object _or_ the requesting entity must move the Court for a qualified protective order. 45 C.F.R. § 164.512(e)(1)(ii)(A) & (B).

In the present case, Defendant Kennett HMA has moved for a qualified protective order, consistent with 45 C.F.R. § 164.512(e)(1)(ii)(B). Because Kennett has complied with HIPAA, I need not determine at this time whether the HIPAA Privacy Rules preempt and supersede Missouri law as it stands after the Brandt decisions.

Kennett has filed with the Court a revised copy of its proposed Qualified Protective Order [#41-2]. This Order specifically limits the issues that treating physicians and medical providers are permitted to discuss to "the care and treatment provided to Julie Luna (the mother) during her prenatal, pregnancy and postpartum care and/or treatment and all of the treatment of K.L. from the time of her birth forward." The Order further provides that "The treating physicians and medical providers are permitted but are not required to meet with the attorneys or their representatives."

Because Kennett has limited the proposed Qualified Protective Order in accordance with both Brandt decisions and has complied with HIPAA by moving for this Qualified Protective Order, I will grant Defendant Kennett HMA, Inc.'s Motion for Protective Order [#26].

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kennett HMA, Inc.'s Motion for Protective Order [#26] is **GRANTED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2007.